Dorothy M. HARTMAN, Appellant,

v.

GREENWICH WALK HOMEOWNERS' ASSOCIATION, INC.; John D'Angelo; Dennis Milstein; Onolfi Electric Co; Robert O'Gorman.

No. 02–4067.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) July 24, 2003.

Decided Aug. 4, 2003.

Before: ALITO, FUENTES and BECKER, Circuit Judges.

## OPINION

BECKER, Circuit Judge.

■ Dorothy M. Hartman appeals from the District Court's order granting summary judgment to the defendants in this action alleging discrimination in violation of The Fair Housing Act and 42 U.S.C. §§ 1981 & 1982. Hartman, an African-American, owns a unit in the Greenwich Walk Condominium in Philadelphia. Hart-

man filed a complaint in the District Court for the Eastern District of Pennsylvania against Greenwich Walk Homeowners' Association, and against John D'Angelo and Dennis Milstein in their respective capacities as president and vice-president of the Association. Hartman alleges that the defendants discriminated against her based on race or color. We have jurisdiction pursuant to 28 U.S.C. § 1291.[1] We will affirm because a review of Hartman's sworn testimony reveals that there are no genuine issues of material fact, and the defendants have shown that there is an absence of evidence to support Hartman's claims.[2]

Hartman claims in her deposition that she was subject to a campaign of racial discrimination in the form of racial slurs and vandalism. She submits that the defendants violated Sections 1981 and 1982 by tolerating a racially discriminatory environment in the condominium. Specifically, she claims that trash was thrown in front of the building and that doughnuts and eggs were thrown at her apartment. Similarly, she believes that her downstairs neighbors conspired with the defendants to place pornographic material outside her unit entrance. She claims that these acts were racially motivated and that the defendants were responsible. However, she admitted not knowing who committed these acts.

Hartman also testified that a neighbor told her that D'Angelo had graffiti with the word "Niggers" removed from the wall outside the building. However, she admits

---

1. We review the district court's grant of summary judgement de novo, applying the same standards as did the district court. *See Nelson v. Upsala College*, 51 F.3d 383, 385 (3d Cir.1995).

2. Under *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986), where

the non-moving party bears the burden of proof on a particular issue, the party seeking summary judgment may discharge its initial burden by "pointing out to the district court that there is an absence of evidence to support the non-moving party's case." *Id.* at 325.

never to have seen this graffiti. Hartman also complains that other graffiti found on South Street, outside her apartment building, is directed personally at her and is part of defendants' campaign to racially discriminate against her. She feels the defendants are responsible, but she admits not knowing who wrote the graffiti.

Hartman relies on *Bradley v. Carydale,* 707 F.Supp. 217 (E.D.Va.1989), where the court held that building managers' and owners' failure to investigate a tenant's complaint of racial harassment comes within the explicit terms of §§ 1981 and 1982. Hartman's reliance on *Bradley* is, however, misplaced. In *Bradley,* another tenant had repeatedly verbally abused and physically threatened the plaintiff and her friends. In contrast, there is no indication in this case that any of the tenants or owners in the Greenwich Walk ever made any racial slurs or committed any acts of vandalism directed at Hartman.

The record reveals that Hartman never, either directly or indirectly, linked any of the defendants or any of the Association's members in the making of racial slurs, committing the alleged acts of vandalism, or encouraging members of the association to engage in discriminatory conduct. Furthermore, there is no showing that any of the acts alleged, by whomever committed, were directed towards Hartman.

■ Hartman also submits that as part of the campaign against her the defendants have delayed in providing her with maintenance and services in violation of the Fair Housing Act. Specifically, she claims that the defendants have delayed in fixing the roof, changing a light bulb in the common area hallway, and repairing a piece of wood trim in the common hallway area. Additionally, Hartman claims that they have neglected to water two trees outside of her building. However, Hartman once again fails to provide any evidence showing that the time and the manner in which the association handled these repairs is attributable to racial discrimination or that it has a discriminatory effect.

■ Finally, Hartman claims that the Association's policy of requiring owners to obtain permission to seek a variance has a discriminatory effect. Hartman sought permission to operate a business in her home. The defendants refused to grant her permission to seek a variance to operate her home-based business. Hartman believes this refusal constitutes disparate treatment because D'Angelo, a white male, maintains his law practice in one of the units in the condominium. In *Metropolitan Housing Development Corp. v. Village of Arlington Heights,* 558 F.2d 1283 (7th Cir.1977), *cert. denied* 434 U.S. 1025, 98 S.Ct. 752, 54 L.Ed.2d 772, the Seventh Circuit used a four factor analysis in determining whether conduct has a discriminatory effect in violation of the Fair Housing Act. The four factors are:

> (1) how strong is the plaintiff's showing of discriminatory effect; (2) is there some evidence of discriminatory intent, though not enough to satisfy the constitutional standard of *Washington v. Davis* [426 U.S. 229, 97 S.Ct. 441, 50 L.Ed.2d 427 (1976)]; (3) what is the defendant's interest in taking the action complained of; and (4) does the plaintiff seek to compel the defendant to affirmatively provide housing for members of minority groups or merely to restrain the defendant from interfering with individual property owners who wish to provide such housing.

*Id.* at 1290. We will follow these factors here, but conclude that the Association's policy of forcing owners to obtain permission to seek a variance does not violate the Fair Housing Act.

First, Hartman has failed to show that this requirement perpetuates segregation or that it has a greater adverse impact on one racial group than on another. Therefore, the showing of discriminatory effect in this case is extremely weak. Second, Hartman has failed to show any evidence of discriminatory intent. Third, the defendants have provided a reason for the policy, i.e., preventing increased foot traffic of the general public in a residential unit. All Hartman has shown is that D'Angelo, the president of the Association, has his law practice in one of the units at the Greenwich Walk. However, Hartman and D'Angelo are not similarly situated. D'Angelo's building has no occupants other than D'Angelo and his wife, whereas Hartman lives in a building in which there are three other units. Naturally, the board of directors would be more reluctant to allow an owner to run a business in a residential building where other people live.

The fourth factor, which examines the relief the plaintiff seeks, arguably favors Hartman. Hartman is not seeking to compel the defendant to affirmatively provide housing. She merely seeks to restrain the defendant from interfering with what she considers to be her property rights. However, since the other three factors favor the defendants, this factor alone is insufficient to establish a violation of the Fair Housing Act.

In conclusion, the defendants have met their initial *Celotex* burden of production by showing that there is an absence of evidence to support the nonmoving party's case. *See Celotex*, 477 U.S. at 325. Hartman, on the other hand, has failed to introduce any material with specific facts showing a need for trial. *See id.* at 324; *see also* FED. R. CIV. P. 56(e). In the absence of any evidence supporting the claim of racial discrimination, the defendants are entitled to summary judgment. The judgment of the District Court will be affirmed.